UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TARA D. MAVES,

      Plaintiff,

v.

FIRST HORIZON HOME LOANS et al.,

      Defendants.

3:10-CV-00396-LRH-VPC

<u>ORDER</u>

      Before the court is defendants Quality Loan Service Corporation ("QLS") and First Horizon Home Loans's ("First Horizon") motion to dismiss or in the alternative for summary judgment filed on July 26, 2010. Doc. #12.[1] Plaintiff Tara D. Maves ("Maves") filed an opposition (Doc. #18) to which defendants replied (Doc. #19).

      Also before the court is Maves's motion for an extension of time to file an opposition to the motion to dismiss. Doc. #13.

**I.    Facts and Procedural History**

      This action arises out of a foreclosure on a house Maves owned in Reno, Nevada. Maves purchased real property through a loan with defendant First Horizon secured by a note and deed of trust. Ultimately, Maves defaulted on the loan and defendant QLS recorded a notice of default and

---

[1] Refers to the court's docket number.

subsequent notice of trustee's sale.

Prior to sale, on June 2, 2010, Maves filed a complaint alleging five causes of action against Defendants: (1) cancellation of certificate from the Nevada Foreclosure Mediation Program ("NFMP"); (2) preliminary and permanent injunction; (3) declaratory relief; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598 et seq.; and (5) quiet title. Doc. #1, Exhibit 1. Thereafter, moving defendants filed the present motion to dismiss or in the alternative motion for summary judgment. Doc. #12.

## II.   Legal Standard

### A.  Motion to Dismiss

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

However, if on a motion to dismiss, "matters outside the pleadings are presented to and not

2

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Here, defendants have provided the court with authenticated documents including affidavits and public records. Therefore, the court shall treat the present motion as one for summary judgment.

### B. Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.  Discussion

#### A.  Cancellation of Mediation Certificate

Maves alleges that defendants submitted a false report to the Nevada Foreclosure Mediation Program ("NFMP") that mediation was not requested by her which caused the NFMP to provide a certificate allowing defendants to foreclose on her property. Maves argues that the certificate should be cancelled because she had no notice of her right to request mediation because she did not receive the recorded notice of default.

The court finds that Maves has failed to raise a genuine issue of material fact that she did not receive the notice of default. In support of their motion, defendants have proffered evidence establishing that a copy of the recorded notice of default was sent via certified mail to Maves on February 19, 2010, and that she received and signed for the certified mail on February 22, 2010. *See* Doc. #12, Exhibit 3. Further, defendants have proffered evidence establishing that the certified mail also included the mandated election/waiver of mediation form which Maves did not fill out and return. *Id*. Thus, the court finds that Maves received the notice of default along with the mediation paperwork and did not act upon that paperwork. As such, Maves is not entitled to cancellation of the mediation certificate and defendants are entitled to judgment as a matter of law.

#### B.  Unfair and Deceptive Trade Practices - NRS 598.0923

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Maves alleges that defendant QLS violated the statute by recording the underlying notice of default without having a state business license.

1  QLS acted as a the foreclosure trustee in this matter. A foreclosure trustee does not have to
2  be licensed to record a notice of default because a foreclosure trustee is not a debt collector. *See*
3  *e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010
4  U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an
5  attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to
6  record the notice upon default). Accordingly, QLS is entitled to judgment as a matter of law that it
7  did not violate Nevada's Unfair and Deceptive Trade Practices Act and the court shall grant
8  defendants' motion in this respect.

### C.  Quiet Title

Under Nevada law, a quiet title action is a remedy which may be brought by someone who claims an adverse interest in property. NRS 40.010. Here, Maves does not have any actionable claims against defendants which would quite title in her name if she were successful. Therefore, there are no grounds to quiet title.

### D.  Declaratory Relief and Permanent Injunction

Maves's remaining causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after she has sufficiently established and proven her claims; they are not separate causes of action. Here, Maves's allegations and causes of action fail to establish a claim for relief. Accordingly, she is not entitled to her requested remedies.

///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that defendants' motion to dismiss or in the alternative for summary judgment (Doc. #12) is GRANTED. Defendants Quality Loan Service Corporation and First Horizon Home Loan are DISMISSED as defendants.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time to file an opposition to defendant's motion to dismiss (Doc. #13) is GRANTED nunc pro tunc.

IT IS SO ORDERED.

DATED this 15th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE